IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **NOE NAPOLEON RAMIREZ CABRERA,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | **CAUSE NO. EP-26-CV-623-KC** |
| § | |
| **PAM BONDI et al.,** § | |
| § | |
| Respondents. § | |

## SHOW CAUSE ORDER

On this day, the Court considered Noe Napoleon Ramirez Cabrera's Motion to Proceed in Forma Pauperis ("Motion"), ECF No. 1, and Petition for a Writ of Habeas Corpus, ECF No. 1-1.

### I.    MOTION TO PROCEED IN FORMA PAUPERIS

Ramirez Cabrera requests that the Court allow him to proceed in Forma Pauperis ("IFP") and waive the filing fee for his Petition. *See* Mot. 1.

To determine whether a litigant qualifies for IFP status, "the central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required. *Id.* In making this determination, courts consider factors such as the movant's present assets, reasonably anticipated income, and necessary living expenses. *Roden v. Texas* No. 94-cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995). Ramirez Cabrera is not employed, has no income, and has no savings or assets. Mot. ¶¶ 1–3. He has thus made the requisite showing that he is unable to afford the costs of the proceeding and qualifies for IFP status. *See Ayers*, 1995 WL 696702, at *1.

## II.   PETITION FOR A WRIT OF HABEAS CORPUS

Ramirez Cabrera is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas.  Pet. ¶ 1.  He argues that his detention is unlawful and asks the Court to order his release or a bond hearing.  *Id.* ¶¶ 17–29; *id.* at 6.

Ramirez Cabrera last entered the United States in 2020 pursuant to a visa that expires in October 2026.  *Id.* ¶ 12.  In connection with a criminal conviction for driving under the influence in 2020, Ramirez Cabrera was detained by immigration authorities for ninety-days and then released with a monitoring bracelet.  *Id.* ¶ 14.  In 2025, Ramirez Cabrera was arrested for a misdemeanor assault and served five months in jail.  *Id.* ¶ 15.  In August 2025, upon his release, Ramirez Cabrera was re-detained by immigration authorities and has been detained since.  *Id.* ¶¶ 15–16.

Apart from his most recent criminal conviction, as alleged, Ramirez Cabrera's case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025).  Of course, Respondents are nevertheless permitted to state their position before a ruling.  In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected.  Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Ramirez Cabrera's case warrant a different outcome.

## III.   CONCLUSION

Accordingly, the Court **ORDERS** that Ramirez Cabrera's Motion, ECF No. 1, is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by **no later than March 12, 2026**, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 5th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE